**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| CATHERINE GIERBOLINI, </br></br>    Plaintiff,</br></br>v.</br></br>SCIENCE APPLICATIONS</br>INTERNATIONAL CORPORATION,</br></br>    Defendant. | )</br>)</br>)</br>)</br>) Case No. 1:12-cv-1459 (LMB/IDD)</br>)</br>)</br>)</br>)</br>)</br>) |

## ANSWER TO AMENDED COMPLAINT

Defendant Science Applications International Corporation ("SAIC"), by and through undersigned counsel, hereby denies, admits, and answers as follows in response to the Amended Complaint (ECF Dkt. No. 18-1) ("Complaint") filed by Plaintiff Catherine Gierbolini in the above-captioned matter.

### I. JURISDICTION

SAIC admits that Plaintiff has brought her Complaint in the United States District Court for the Eastern District of Virginia but denies that it engaged in any acts or omissions that would give rise to any legal claims by Plaintiff.

### II. ARGUMENT

**1.  Count 1: Equal Pay Act**

This Count was dismissed pursuant to the Court's Order (ECF Dkt. No. 23) dated March 15, 2013.

**2.  Count 2: Title VII Claim Arising from Reassignment of Position**

This Count was dismissed pursuant to the Court's Order (ECF Dkt. No. 23) dated

March 15, 2013.

**3.     Count 3: No Fear Act and Whistleblower Act of 1989**

This Count was dismissed pursuant to the Court's Order (ECF Dkt. No. 23) dated March 15, 2013.

**4.     Count 4: Harassment Under Title VII**

This Count was dismissed pursuant to the Court's Order (ECF Dkt. No. 23) dated March 15, 2013.

**5.      Count 5: Discrimination Under Title VII and the ADA Relating to Her Termination**

This Count was dismissed pursuant to the Court's Order (ECF Dkt. No. 23) dated March 15, 2013.

**6.     Count 6: Retaliation**

This Count was dismissed pursuant to the Court's Order (ECF Dkt. No. 23) dated March 15, 2013.

**7.     Count 7: Wrongful Termination**

This Count was dismissed pursuant to the Court's Order (ECF Dkt. No. 23) dated March 15, 2013.

**8.     Count 8: Slander and Defamation per se**

With respect to the allegations set forth in the three unnumbered paragraphs of Plaintiff's Amended Complaint, SAIC responds as follows:

- SAIC denies the first sentence in paragraph 1 of Count 8.

- SAIC denies the second sentence in paragraph 1 of Count 8.

- SAIC denies the third sentence in paragraph 1 of Count 8.

- SAIC lacks sufficient information to admit or deny the allegations contained in

the fourth sentence of paragraph 1 of Count 8 and on that ground denies the allegations contained therein.

• SAIC lacks sufficient information to admit or deny the allegations contained in the fifth sentence of paragraph 1 of Count 8 and on that ground denies the allegations contained therein.

• SAIC lacks sufficient information to admit or deny the allegations contained in the first sentence of paragraph 2 of Count 8 and on that ground denies the allegations contained therein.

• SAIC lacks sufficient information to admit or deny the allegations contained in the second sentence of paragraph 2 of Count 8 and on that ground denies the allegations contained therein.

• The allegations contained in the third sentence of paragraph 2 of Count 8 are in the nature of a legal conclusion to which no answer is required.  To the extent a response is required, SAIC denies that it engaged in any acts or omissions that would give rise to Plaintiff's legal claims.

• The allegations contained in the fourth sentence of paragraph 2 of Count 8 are in the nature of a legal conclusion to which no answer is required.  To the extent a response is required, SAIC denies that it engaged in any acts or omissions that would give rise to Plaintiff's legal claims.

• SAIC admits that, in the fifth sentence of paragraph 2 of Count 8, Plaintiff is seeking compensation in the amount of $5,000,000.00 but denies that Plaintiff is entitled to any damages or that Plaintiff suffered any injury or loss as a result of SAIC's actions.

• SAIC admits that, in the first sentence of paragraph 3 of Count 8, Plaintiff is

requesting that the Court grant pain and suffering compensation but denies that Plaintiff is entitled to any damages, denies that it was negligent, denies that it engaged in any act, omission, or infraction that would give rise to any legal claim, and further denies that Plaintiff suffered any injury or loss as a result of SAIC's actions.

- With respect to the second sentence of paragraph 3 of Count 8, SAIC denies that Plaintiff is entitled to any damages or that Plaintiff suffered any injury or loss as a result of SAIC's actions.

- With respect to the third sentence of paragraph 3 of Count 8, SAIC denies that Plaintiff is entitled to any damages or that Plaintiff suffered any injury or loss as a result of SAIC's actions.

### III. CONCLUSION

The allegations in the Conclusion section of the Amended Complaint require no response, except that SAIC denies that it engaged in any acts or omissions that would give rise to Plaintiff's legal claims and further denies that Plaintiff is entitled to any damages as a result of its acts or omissions.

### DEFENSES AND AFFIRMATIVE DEFENSES
### FIRST DEFENSE

Plaintiff's claims for defamation and slander are barred in whole or in part by the applicable statute of limitations.

### SECOND DEFENSE

Plaintiff's claims for defamation and slander are barred in whole or in part because the alleged derogatory statements were not spoken by SAIC.

**THIRD DEFENSE**

Plaintiff's claims for defamation and slander are barred in whole or in part Plaintiff cannot identify with required specificity the precise words spoken alleged to be defamatory, the speaker of such words, or the third party to whom such words were spoken.

**FOURTH DEFENSE**

Plaintiff's claims for defamation and slander are barred in whole or in part because the alleged derogatory statements were not published by SAIC.

**FIFTH DEFENSE**

Plaintiff's claims for defamation and slander are barred in whole or in part because, to the extent that any statements were published by SAIC regarding Plaintiff, they were privileged.

**SIXTH DEFENSE**

Plaintiff's claims for defamation and slander are barred in whole or in part because, to the extent that any statements were published by SAIC regarding Plaintiff, they were not published with the requisite malicious intent to defame Plaintiff.

**SEVENTH DEFENSE**

Plaintiff's claims for defamation and slander are barred in whole or in part because any statement SAIC may have made about Plaintiff was an expression of opinion.

**EIGHTH DEFENSE**

Plaintiff's claims for defamation and slander are barred in whole or in part because, to the extent that any statements were published regarding Plaintiff, they were true.

**NINTH DEFENSE**

Plaintiff's claims for defamation and slander are barred in whole or in part because, to the extent that any statements were published by SAIC regarding Plaintiff, they did not tend to

expose Plaintiff to public scorn, hatred, contempt, or ridicule.

## TENTH DEFENSE

Plaintiff's claims for defamation and slander are barred in whole or in part because she has not alleged to whom or by whom all of the alleged defamatory statements were published.

## ELEVENTH DEFENSE

Plaintiff's claims for defamation and slander are barred in whole or in part because to the extent such defamatory words were uttered by third parties or non-management employees, SAIC did not participate in, authorize, or ratify the alleged wrongful acts of these persons.

## TWELFTH DEFENSE

The communications alleged in the Complaint do not rise to the level of actionable "defamation" and/or "defamation per se" under Virginia law.

## THIRTEENTH DEFENSE

Plaintiff's claims for defamation and slander are barred in whole or in part because they are based on inadmissible hearsay.

Dated: March 25, 2013               Respectfully submitted,

                                    /s/
                                    Edward Lee Isler, Va. Bar No. 27985
                                    eisler@islerdare.com
                                    Lori H. Turner, Va. Bar No. 68732
                                    lturner@islerdare.com
                                    ISLER DARE RAY RADCLIFFE & CONNOLLY, P.C.
                                    1945 Old Gallows Road, Suite 650
                                    Vienna, Virginia 22182
                                    Phone: (703) 748-2690
                                    Fax: (703) 748-2695

                                    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 25th day of March, 2013, a true and accurate copy of the foregoing was served by first-class mail to the following address:

       Catherine Gierbolini
       101 6th Avenue
       Huntington Station, NY 11746


         /s/
       Lori H. Turner, Va. Bar No. 68732
       lturner@islerdare.com
       ISLER DARE RAY RADCLIFFE & CONNOLLY, P.C.
       1945 Old Gallows Road, Suite 650
       Vienna, Virginia 22182
       Phone: (703) 748-2690
       Fax: (703) 748-2695
       *Attorney for Defendant*