IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CATHERINE GIERBOLINI, )
)
    Plaintiff, )
)
v. ) 1:12cv1459 (LMB/IDD)
)
SCIENCE APPLICATIONS INTERNATIONAL )
CORPORATION, )
)
    Defendant. )

MEMORANDUM OPINION

Before the Court are the parties' cross-motions for summary judgment. For the reasons that follow, Defendant's Motion for Summary Judgment will be granted and Plaintiff's Cross Motion for Summary Judgment will be denied.

I. BACKGROUND

This civil action arises from a dispute between plaintiff Catherine Gierbolini ("Gierbolini") and her former employer, defendant Science Applications International Corporation ("SAIC"). In January 2008, defendant hired plaintiff as a Personnel Coordinator in Afghanistan, where defendant provided services on a contract with the United States military. See Stipulated Uncontested Facts, ¶¶ 1-2. In June 2010, plaintiff was relocated to Kuwait to serve in the same position on another of defendant's military contracts. See id. ¶ 3.

Trouble ensued. When plaintiff arrived, Raymond Mattes ("Mattes") became her immediate supervisor. Id. Plaintiff also

began working with Heather Hudson ("Hudson"), a subordinate employee of defendant. Id. ¶ 4. Plaintiff's poor relationship with Hudson was the catalyst for a chain of events culminating in plaintiff's termination. Plaintiff accused Hudson of disobeying her orders and fabricating claims of misconduct to management, Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J., Ex. 2, at 48 [hereinafter Pl.'s Dep.], and the two frequently bickered, id. at 57-58. In October 2010, after receiving competing complaints from plaintiff and Hudson about each other, Mattes issued both of them a written reprimand for unprofessional conduct. See Stipulated Uncontested Facts, ¶ 5. But problems persisted. Later that month, Mattes and two other supervisors presented plaintiff with a written memorandum terminating her employment with defendant. Pl.'s Dep. at 91.

Since returning to the United States, plaintiff has been unable to secure gainful employment. She suspects that defendant may have prepared a "letter of release," which is a document used by the United States military to bar certain personnel from returning to an active theatre of war. See id. at 111. Plaintiff also suspects that Mattes and Hudson have given negative references to potential employers. See id. at 118-20.

Accordingly, on December 17, 2012, plaintiff, acting pro se, filed an eight-count complaint against defendant, alleging

2

violations of the federal Equal Pay Act, 29 U.S.C. § 206(d) (Count 1); Title VII for race discrimination, 42 U.S.C. § 2000e et seq. (Counts 2, 4, and 5); the federal No FEAR Act, 5 U.S.C. § 2301 note, and the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b) (Count 3); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Count 5); Title VII for retaliation, 42 U.S.C. § 2000e et seq. (Count 6); as well as wrongful termination and defamation under state law (Counts 7 and 8, respectively).[1] See Compl.

On February 6, 2013, defendant moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). See Def.'s Mot. to Dismiss. Plaintiff opposed the motion, see Mem. in Opp'n of Mot. to Dismiss, and simultaneously moved for leave to file an amended complaint, see Mot. for Leave to File an Am. Compl. On March 15, 2013, the Court issued an Order dismissing without prejudice the four Title VII claims and the ADA claim to

---

[1] This is the second in a series of complaints that plaintiff has filed in this court based on the same set of facts. Her first civil action was dismissed without prejudice by Judge Hilton on September 10, 2012, who stated that her "rambling complaint" failed to assert "factual allegations or plausible claims upon which relief may be granted." Gierbolini v. Sci. Applications Int'l Corp., No. 1:12-cv-558-CMH-TCB (E.D. Va. 2012). Her third civil action, which largely parroted the claims made here save for one additional allegation against the Board of Directors under the Fourteenth Amendment, was dismissed with prejudice on March 15, 2013, Gierbolini v. Bd. of Dirs. Sci. Applications Int'l Corp., No. 1:13-cv-103-LMB-IDD (E.D. Va. 2013), and affirmed on appeal, 521 F. App'x 215 (4th Cir. 2013). Her fourth civil action remains pending before Judge Hilton. Gierbolini v. Bd. of Dirs. Sci. Applications Int'l Corp., No. 1:13-cv-953-CMH-TCB (E.D. Va. 2013).

allow plaintiff an opportunity to exhaust administrative remedies. <u>See</u> Order of March 15, 2013. The Order further dismissed with prejudice the EPA claim, the No FEAR Act and Whistleblower Protection Act claim, and the state-law wrongful termination claim. <u>Id.</u> The Court allowed plaintiff to amend her complaint and proceed only on her defamation claim. The parties then engaged in limited discovery.

On August 23, 2013, defendant moved for summary judgment on plaintiff's remaining claim. <u>See</u> Def.'s Mot. for Summ. J. Defendant argues that the claim fails "because the alleged defamatory acts are time-barred, have not been shown to have existed, were not published, are privileged, and/or are not defamatory." Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. at 1 [hereinafter Def.'s Mem.]. Plaintiff opposed the motion and purports to have filed a cross-motion for summary judgment. <u>See</u> Mem. of P. & A. in Supp. of Pl.'s Mot. in Opp'n to the Mot. for Summ. J. and Cross Mot. for Summ. J.

## II. DISCUSSION

Summary judgment will be granted if the moving party can show "that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. <u>Anderson v. Liberty Lobby,</u>

Inc., 477 U.S. 242, 248 (1986). The Court must view the record in the light most favorable to the non-moving party, which is the plaintiff in this action, and must draw all reasonable inferences in her favor. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). "The mere existence of a scintilla of evidence in support of" plaintiff's position is insufficient. Anderson, 477 U.S. at 252; see also Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008). Accordingly, to survive a motion for summary judgment, "[t]he disputed facts must be material to an issue necessary for the proper resolution of the case, and the quality and quantity of the evidence offered to create a question of fact must be adequate to support a jury verdict." Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995) (citation omitted).

The preliminary task here is to identify the allegedly defamatory statements that form the basis of plaintiff's claim. In so doing, plaintiff's pleadings will be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that a pro se litigant's complaint is entitled to a liberal construction). Such a reading of plaintiff's Amended Complaint reveals three relevant statements: comments made between June and October 2010 by Hudson to plaintiff's managers regarding plaintiff's poor conduct and performance; February 2011 comments made by Mattes to a government representative regarding the reason for

5

plaintiff's termination; and a "letter of release" allegedly provided by defendant to the government sometime in or around February 2011 barring plaintiff from obtaining similar employment. See Am. Compl.

Defendant has identified and responded to three additional statements in light of plaintiff's deposition testimony: an October 2010 memorandum from Mattes warning plaintiff that her conduct violated defendant's corporate policy; another October 2010 memorandum, this one notifying plaintiff of her early termination; and negative references provided by Hudson and Mattes to potential employers at unspecified times following defendant's termination of plaintiff's employment. See Def.'s Mem. at 5-6.

Plaintiff's defamation claim ultimately fails to pass muster for two reasons. First, plaintiff is time-barred from relying on the first five statements. In Virginia, a defamation claim may be brought no later than one year after the allegedly defamatory statement is made. Va. Code Ann. § 8.01-27.1; see also Brown v. Am. Broad. Co., 704 F.2d 1296, 1300 (4th Cir. 1983). Plaintiff alleges each statement was made sometime between June 2010 and February 2011.[2] See Am. Compl. Yet, plaintiff did not initiate this action until December 2012,

---

[2] Although plaintiff does not attach a specific date to the letter of release in the Amended Complaint, she testified at her deposition that any such letter would have been prepared in January 2011 or February 2011. See Pl.'s Dep. at 111-14.

6

nearly two years after the statements were made. See Compl. Plaintiff tries to avoid the time bar by citing the filing of a charge with the Equal Employment Opportunity Commission in April 2011. But such a charge does not toll the statute of limitations applicable to state-law claims. See Kolomick v. United Steelworkers of Am., Dist. 8, AFL-CIO, 762 F.2d 354, 356 (4th Cir. 1985) (noting that "tolling has been held not to apply in situations where a plaintiff pursues parallel avenues of relief"). Therefore, to the extent plaintiff relies on the first five alleged statements, her defamation claim is barred by the statute of limitations.

The remaining basis for her defamation claim is pure speculation. Plaintiff argues that Hudson and Mattes at some point gave negative telephone references to potential employers. See Pl.'s Dep. at 115-17, 119-21. Plaintiff's only evidence of the existence of these negative references is her difficulty obtaining new employment.[3] See id. Although plaintiff also points to a letter from one potential employer indicating that defendant never returned the employer's call regarding employment verification, see Pl.'s List of Trial Exs., Ex. B,

---

[3] During the hearing held on March 15, 2013, regarding defendant's Motion to Dismiss, the Court informed plaintiff that her claim appeared "very shaky" in the absence of actual evidence that the alleged references were ever given, but declined to dismiss until plaintiff had an opportunity to take discovery. That discovery failed to uncover any evidence of anyone associated with defendant providing a negative reference.

7

failure to respond to an inquiry is not the kind of evidence needed to support a favorable jury verdict. See Thompson Everett, 57 F.3d at 1323. Whether Hudson or Mattes ever gave a potential employer negative references remains as much of a mystery now as it was when discovery began. Therefore, there is no evidence on which to draw a reasonable inference of defamation, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986), nor can plaintiff set forth "the exact words spoken or written" as required by Virginia law in the absence of such evidence, see Fuste v. Riverside Healthcare Ass'n Inc., 265 Va. 127, 134 (2003) (articulating the pleading standard for a defamation claim under Virginia law).

Accordingly, plaintiff's defamation claim fails for lack of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(a).

### III. CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment will be granted and Plaintiff's Cross Motion for Summary Judgment will be denied by an Order to be issued with this Memorandum Opinion.

/s/
Leonie M. Brinkema
United States District Judge